[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that he was found guilty after a hearing on two separate disciplinary reports improperly. The first report was received on March 8, 1997 when a simulated emergency count was called while he was in the shower. He was given the report CT Page 13506 because he didn't respond immediately to the call to return to his cell and "lock up". While in a restricted housing unit (RHU) as a result of the first report, contraband was found in his cell. The contraband was sand paper and "pruno." He is presently confined to McDougall Correctional Institution pursuant to the Interstate Corrections Compact as a convicted and sentenced prisoner by the State of New Jersey. He claims that under New Jersey law which should apply to him in any hearing as to discipline, he would not have been found guilty.
On the first report, he testified that he misunderstood the Correctional Officer's remark "Hurry Up. Hurry Up" to allow him to go back in the shower to rinse off the soap which he had stepped out of the shower to show him. As to the second report he claimed he had authority from the facility in which he had been previously housed to use sand paper to rub a fungus on his right toes and that "pruno" being a fermented beverage was not shown to be the substance he had which was merely vegetables and orange in water.
Michele DeVean, a Department of Corrections record specialist, testified that under the provisions of the Interstate Corrections Compact, C.G.S. 18-106, the Commissioner Contracts with the Commissioner of Corrections in New Jersey as to applying discipline to New Jersey inmates housed in Connecticut. SeeRespondent's Exhibit B. The contract provides that such inmates are to be subjected to the rules and regulations governing discipline in the receiving state except for imposing any sanctions as to the loss of commutation credits which may only be imposed by the State of New Jersey.
The hearing officer understood that the petitioner had delayed five minutes in returning to his cell and heard from Investigating Officer Stratton that the petitioner acknowledged that he had no medical pass at McDougall for the sand paper and that he had no permission to keep any substance such as was found whether or not fermented in his possession. The petitioner acknowledged that the 90 days loss of good time was a sanction imposed by New Jersey not Connecticut.
The court is not warranted in setting aside the decisions of prison administrators that have some basis in fact.Superintendent v. Hill, 472 U.S. 445, 456. Likewise the sanctions given for the violations, time served in detention and 15 days confined to quarters appear to be commensurate with the CT Page 13507 breaches of regulations.
For the above reasons the petition is dismissed.
Thomas H. Corrigan Judge Trial Referee